Urquhart Estate.

Argued April 26, 1965. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

De-
cree affirmed.

*Isidor Ostroff,* with him *G. Clinton Fogwell, Jr.,*
and *Ostroff & Lawler,* for appellant.

*Robert S. Gawthrop,* with him *Gawthrop and
Greenwood,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, May 25, 1965:
The Incompetents' Estates Act of 1955, P. L. 1154,
re-enacted and amended July 11, 1957, provides, under
"Definitions": "(3) 'Incompetent' means a person who,
because of mental infirmities of old age, mental ill-
ness, mental deficiency, or inebriety, is unable to man-

age his property, or is liable to dissipate it or become the victim of designing persons." See also: *Coulter Estate*, 406 Pa. 402, 405, 406, 178 A. 2d 742.

Judge MacElree carefully analyzed the conflicting testimony, and after applying the test and proof of mental incompetency laid down in *Coulter Estate*, supra, and *Myers Estate*, 395 Pa. 459, 150 A. 2d 525, (a) found and adjudged appellant incompetent, and (b) appointed a guardian for his estate. We have examined the record and find no clear abuse of discretion or error of law. Cf. *Pearlman Appeal*, 400 Pa. 350, 352, 163 A. 2d 530.

Decree affirmed; costs to be paid out of the estate.