## Urquhart Trust (No. 2)

Before Klein, P. J., Bolger, Lefever, Saylor, Shoyer and Burke, JJ.

*Henry L. Schimpf, Jr.*, for exceptants.

*Philip A. Bregy, MacCoy, Evans & Lewis; Isidor Ostroff* and *Ostroff & Lawler*, contra.

LEFEVER, J., December 22, 1967.—A petition was filed by G. Gordon Urquhart, brother, G. Gordon Urquhart, 2d, nephew, and Marilyn U. Consentino, niece of Radcliffe Morris Urquhart, settlor, for issuance of a citation to show cause why this court should not relinquish jurisdiction over the above deed of trust and transfer it to the Orphans' Court of Chester County. The settlor-income beneficiary filed a responsive answer. Under date of June 25, 1965, by decree of Judge Saylor, the deed of trust, together with the first account and any supplemental account of the trustees filed with this court, was transferred for

audit to the Orphans' Court of Chester County, which had agreed to accept jurisdiction over the trust. Exceptions were filed to that decree and the matter came before the court en banc.

By decree, dated April 7, 1966, this court referred the matter back to the hearing judge for further consideration. Thereafter, the hearing judge audited the first account and the supplemental account and filed an adjudication dated June 15, 1967. That adjudication did not make reference to the earlier decree nor decide whether jurisdiction should be transferred to the Chester County Orphans' Court.

Exceptions to the adjudication were filed. Arguments thereon were heard by the court en banc. An opinion dismissing those exceptions is being filed contemporaneously herewith.

It was argued, in the briefs and orally, that settlor's domicile is Fort Lauderdale, Fla., and not Chester County, Pa. The petition in the incompetency proceeding contained the allegation that settlor "resides at 888 West Valley Road, Tredyffrin Township, Chester County, Pa." The answer thereto averred that "the respondent resides at 310 Lido Drive, Ft. Lauderdale, Florida". There was no adjudication by the Chester County Orphans' Court as to settlor's domicile. Per contra, that court expressly ruled in its adjudication (which appears in volume 4979, paper books of the Supreme Court of Pennsylvania, 418 Pa. 185-203) that it was not necessary to determine the question of domicile, viz:

"It is to be noted that neither the petition nor the answer contain an averment of the 'domicile' of the respondent.

"The petition avers that the respondent resides at 888 West Valley Road, Tredyffrin Township, Chester County, Pennsylvania.

"The answer avers that the respondent resides at 310 Lido Drive, Fort Lauderdale, Florida.

"From the testimony it is clearly apparent that the respondent from time to time resides at each of the above noted locations.

"At no time was the respondent asked, either when called as under cross examination or when called as a witness in his own behalf, as to his domicile.

"We have taken occasion to examine the records in the office of the Clerk of the Orphans' Court to ascertain the respondent's intent.

"We note from those records that in the premarital blood test the respondent does give his residence as 888 West Valley Road, Tredyffrin Township, Pennsylvania, and in his application for a marriage license, made after the hearings had been concluded in this matter, he gave the same address.

"Under the provisions of the Incompetents' Estates Act we believe the question of domicile to be unimportant, by reason of the fact that Section 301(b) and Section 302(b) authorize this Court to appoint a guardian if any assets of the adjudged incompetent are located in this county.

"Whether the respondent is domiciled here or in Broward County, Florida, a guardian appointed in this jurisdiction would exercise no control over the real estate in Florida in any event".

The domicile of the incompetent, the residence where he spends most of the year, the location of the principal office of the corporate trustee, the fact that the first account and supplemental account of the trustee under the deed of trust have been audited and adjudicated by this court, and the fact that the Chester County Orphans' Court has taken jurisdiction of the incompetency matter, has adjudicated settlor to be incompetent and has appointed as guardian of his estate the Provident National Bank, which is also trus-

tee of the instant trust, should all be weighed by the hearing judge in deciding whether or not jurisdiction over the trust should be transferred from this court to the Chester County Orphans' Court.

At the same time, the hearing judge should also consider the request which has been made of this court to grant leave to the settlor-income beneficiary-incompetent to petition the Chester County Orphans Court to transfer jurisdiction of the incompetency matter to this court, and for this court to agree to accept such transfer if it is authorized by the Chester County Orphans' Court. All of these are matters for hearing and disposition by the hearing judge.

Subsequent to the entry of the decree of incompetency by the Chester County Orphans' Court and the affirmance of that action by the Supreme Court, a petition was filed to have the incompetent adjudicated competent. An answer thereto was filed and the matter came on for hearing. Under date of November 16, 1966, President Judge MacElree entered a decree dismissing the petition. An appeal was taken to the Supreme Court of Pennsylvania as of January term, 1967, no. 269. Briefs were submitted and oral argument thereon was presented on November 22, 1967. To date, there has been no decision on that appeal.

Therefore, further action on the instant petition must be stayed until the Supreme Court of Pennsylvania passes upon the said appeal.

Accordingly, we enter the following

### DECREE

And now, December 22, 1967, it is hereby ordered and decreed that (1) the decree of Judge Saylor, dated June 25, 1965, transferring the account and supplemental account and the jurisdiction of the deed of trust, dated December 20, 1962, to the Chester County Orphans' Court is hereby revoked; (2) the

petition requesting the transfer of jurisdiction of the deed of trust from this court to the Orphans' Court of Chester County and the answer thereto and the request for leave to petition the Chester County Orphans' Court to transfer the jurisdiction of the incompetency proceeding to this court, are hereby referred to Judge Saylor, the hearing judge, for consideration and disposition; and (3) disposition of the petitions for transfer of jurisdiction in both matters shall be stayed and no action shall be taken by the hearing judge with respect thereto, until the Supreme Court of Pennsylvania has decided the appeal from the decree of the Chester County Orphans' Court dismissing the petition to adjudge Radcliffe Morris Urquhart to be competent.